**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3118-16T3

IN THE MATTER OF TIMOTHY HART,
CITY OF NEWARK

_____

Submitted August 7, 2018 - Decided August 10, 2018

Before Judges Mayer and Mawla.

On appeal from the New Jersey Civil Service Commission, Docket No. 2015-3056.

William W. Hart, Jr., attorney for appellant.

John J. Zidziunas & Associates, attorneys for respondent City of Newark (John J. Zidziunas and Mayra S. Pais, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Civil Service Commission (George N. Cohen, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Appellant Timothy Hart appeals from a February 14, 2017 decision of the Civil Service Commission (Commission) denying reconsideration of the Commission's final decision dated April 1,

2015.[1]  In its April 1, 2015 decision, the Commission ordered appellant's layoff as a police officer with the City of Newark (Newark) be rescinded and his record corrected to reflect that appellant resigned, effective June 30, 2011.  We affirm.

Appellant sought back pay and counsel fees arising from his erroneous layoff as a Newark police officer.  By way of background, appellant received the requisite forty-five days' notice from Newark, advising that he would be laid off from his position as a Newark police officer, effective November 2010.

Appellant appealed his layoff to the Commission, arguing he possessed more seniority than other Newark police officers who were not laid off.  According to appellant, when the layoff announcement was issued, he should have been the first eligible to be reinstated based on his seniority ranking on the original eligible list, S9999F.  However, two other individuals with less seniority than appellant were reinstated as Newark police officers in December, 2010.  Appellant maintained that removing him from the original eligible list, S9999F, was prima facie evidence of bad faith by Newark.

---

[1]  The Commission's April 1, 2015 final decision was incorporated in the Commission's denial of appellant's petition for reconsideration.

A-3118-16T3

Appellant was appointed as a Newark police officer, effective December 26, 2007, from an August 7, 2007 certification. Individuals appointed from that certification possessed equal seniority in accordance with N.J.A.C. 4A:8-2.4. To break a seniority tie in determining layoff rights, N.J.A.C. 4A:8-2.4(h)(6) provides "[t]he employee who ranked higher on the same eligible list for the title shall have priority." Because Newark combined two eligible lists, S9999F and S9999H, appellant's name was improperly ranked at 9528 instead of being the first eligible on the certification. If appellant had been properly ranked, any tie would have been broken in appellant's favor and he would have avoided being laid off.

Due to the error in combining the two eligible lists, the Commission found the normal "remedy is to reinstate the individual improperly laid off, after an updated background check, and to correct his or her record to reflect that he or she had not been laid off . . . ." However, in this case, appellant took a position as a police officer with the City of Elizabeth, effective July 1, 2011, and stated that he was not interested in returning to Newark. Therefore, the only remedy available to appellant was to correct his employment record to reflect that he was not laid off on November 30, 2010, but resigned in good standing, effective June 30, 2011.

A-3118-16T3

Appellant claimed the Commission's decision was not the appropriate remedy since the offer failed to restore him to his former position and salary. In addition, appellant claimed he was entitled to back pay and counsel fees.

In response to appellant's request for back pay and counsel fees, the Commission determined

> pursuant to N.J.A.C. 4A:2-1.5(b), in all appeals other than disciplinary and good faith layoff appeals, back pay and counsel fees may be granted as a remedy where an appointing authority has unreasonably failed or delayed to carry out an order of the Commission or where the Commission finds sufficient cause based on the particular case. A finding of sufficient cause may be made where the employee demonstrates that the appointing authority took adverse action against the employee in bad faith or with invidious motivation.

The Commission found appellant did not file a good faith appeal.[2] Had appellant filed such an appeal, and established Newark acted in bad faith, the remedy would have been to award back pay and counsel fees. The Commission concluded appellant filed a determination of rights appeal.

---

[2] Under the Civil Service regulations, there are two types of layoff appeals: (1) good faith appeals, "based on a claim that the appointing authority laid off . . . the employee . . . for reasons other than economy, efficiency, or other related reasons," N.J.A.C. 4A:8-2.6(a)(1); and (2) determination of rights appeals, "based on a claim that an employee's layoff rights or seniority were determined and/or applied incorrectly," N.J.A.C. 4A:8-2.6(a)(2).

The Commission determined appellant's title rights/seniority in effecting his layoff. Newark relied on the Commission's determination of appellant's seniority in selecting officers to be laid off. Therefore, because it relied on the Commission's establishment of seniority, Newark did not act in bad faith or with invidious motivation. Consequently, the Commission held appellant failed to establish entitlement to back pay or counsel fees.

Appellant sought reconsideration of the Commission's April 1, 2015 decision, reiterating his previous arguments. In addition, appellant claimed he filed a good faith appeal and the matter should have been referred to the Office of Administrative Law (OAL) for a hearing. According to appellant, the proper remedy was an award of back pay, less any amounts earned, until his current salary equaled to his former salary as a Newark police officer.

In rendering a determination on the petition for reconsideration, the Commission held that appellant failed to show any material error or new evidence or information not presented in the original review that would change the outcome of the case. The Commission concluded that appellant was not entitled to a hearing before the OAL because he did not file a good faith appeal. When a local government decides to lay off employees, there is a

presumption of good faith, and the burden is on the employee to show bad faith and that the action was not based on fiscal considerations. Greco v. Smith, 40 N.J. Super. 182, 189 (App. Div. 1956).

In this case, the Commission determined appellant's challenge was a determination of rights appeal as he argued his "layoff rights or seniority were determined and/or applied incorrectly." N.J.A.C. 4A:8-2.6(a)(2). If appellant had pursued a good faith appeal, then he would have been entitled to an OAL hearing. However, a determination of rights appeal is based on the written record without a hearing. See N.J.A.C. 4A:8-2.6(a)(2) (citing N.J.A.C. 4A:2-1.1(d)).

Appellant appeals from the Commission's determinations dated April 1, 2015 and February 14, 2017. Appellant contends respondents failed to address his bad faith allegations and a hearing should have been conducted by the OAL. Appellant further argues the Commission's decision improperly terminated his rights and deprived him of back pay and seniority within the Newark police department.

"Courts provide the widest possible interpretation of the [Civil Service] Act as it was designed to procure efficient public service and to maintain stability and continuity in ordinary public employment." In re Johnson, 215 N.J. 366, 377 (2013). "In order

to reverse an agency's judgment, an appellate court must find the agency's decision to be 'arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole." In re Stallworth, 208 N.J. 182, 194 (2011) (alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-580 (1980)).

Our review is generally limited to determining:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [In re Carter, 191 N.J. 474, 482-83 (2007) (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).]

We conclude that there was nothing arbitrary, capricious, or unreasonable in the Commission's disposition of appellant's claim. Appellant's appeal was for a determination of rights based on seniority. Appellant's notice of appeal to the Commission indicated he was appealing "wrongful layoff . . . based upon seniority and date of certification for appointment."

Even if appellant's claim was a good faith appeal, alleging bad faith on the part of Newark, his arguments fail for two

7

reasons. First, appellant failed to present any evidence that Newark's action in laying off police officers was for reasons other than economies and efficiencies. N.J.A.C. 4A:8-2.6(2)(1). Appellant failed to show he was selected, targeted, or treated unfairly as compared to his 167 fellow officers who were similarly laid off. Second, the Commission, not Newark, determined seniority ranking on the eligible lists for police officer appointments. Thus, appellant is unable to demonstrate any animus or improper motivation by Newark regarding his layoff determination.

Based on our review of the record, the Commission's decision is supported by substantial credible evidence based on the written records submitted.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3118-16T3